# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL J. CAMPBELL,
                     Appellant,

          v.

DEPARTMENT OF DEFENSE,
                     Agency.

DOCKET NUMBER
SF-0752-16-0688-I-1

DATE: February 15, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Christine J. Kim, Esquire, Stockton, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal and dismissed his suspension claim as moot. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant served as a GS-0081-07 Firefighter for the agency's Defense Logistics Agency in San Joaquin, California. Initial Appeal File (IAF), Tab 1 at 2. The agency asserts that this position is "noncritical sensitive." IAF, Tab 3, Subtab 4C at 1, Subtab 4F at 1. On October 16, 2014, the appellant's supervisor became aware of an issue concerning the appellant's security clearance. IAF, Tab 1 at 13. In light of this information, he immediately placed the appellant on administrative leave. *Id.* Subsequently, the agency's Washington Headquarters Services Clearance Appeals Board denied the appellant's appeal of its Consolidated Adjudications Facility's decision to deny him a security clearance and the concomitant eligibility to occupy a sensitive position. IAF, Tab 3, Subtabs 4D-4E. In November or December 2015, the agency unilaterally changed the appellant's leave status for the period December 27, 2014, to November 14, 2015, to leave without pay (LWOP). IAF, Tab 3, Subtab 4B at 1, Tab 7 at 41-42. As a result, the Defense Finance and Accounting Service (DFAS) assessed the appellant with a debt of $76,414.40. IAF, Tab 7 at 41-42.

¶3 In February 2016, the agency proposed the appellant's removal on a single charge of Inability to Occupy a Sensitive Position. IAF, Tab 3, Subtab 4C. After hearing his oral reply to the notice of proposed removal, and after the agency unsuccessfully searched to find a nonsensitive position for which the appellant qualified, the deciding official sustained the charge and the agency removed the appellant, effective July 15, 2016. *Id.*, Subtab 4B.

¶4 The appellant filed a Board appeal in which he contended that the agency's action did not promote the efficiency of the service. IAF, Tab 1. He also alleged that the Department of Hearings and Appeals (DOHA) administrative judge who adjudicated his access revocation denied him "certain hearing procedures." IAF,

Tab 7 at 4. He contended that his retroactive placement in enforced leave status constituted a constructive suspension. *Id.* During the proceedings below, the appellant filed two motions to compel discovery. IAF, Tabs 9-10. The agency opposed his second motion to compel and moved to dismiss the appeal, arguing that there was no dispute that the appellant's position required his eligibility to occupy a sensitive position, that his eligibility was revoked, and that the agency afforded him notice and an opportunity to be heard before it removed him. IAF, Tabs 11, 13. The agency also argued that because it had taken action to cancel the appellant's indebtedness, his constructive suspension claim was moot. *Id.* Without ruling on the appellant's motions to compel, the administrative judge issued a close of the record order in which he agreed with the agency that there were no material facts in dispute. IAF, Tab 14. He advised the parties that he would decide the appeal based on the written record and afforded them an opportunity to supplement the file with additional argument and evidence. *Id.* The agency made a closing submission, IAF, Tab 15, but the appellant did not.

¶5    Without holding the hearing the appellant requested, IAF, Tab 1 at 2, the administrative judge issued an initial decision affirming the agency's action removing the appellant, IAF, Tab 16, Initial Decision (ID). He found that the agency designated the appellant's position as noncritical sensitive and his eligibility to occupy a sensitive position was revoked by the appropriate agency authorities after he had received notice and an opportunity to respond. ID at 3. The administrative judge also denied the appellant's harmful error claims.[2] *Id.* As to the penalty of removal, the administrative judge concluded that the appellant failed to show that the agency had any obligation to transfer him to a nonsensitive position. ID at 4.

¶6    The administrative judge also found that the agency improperly suspended the appellant when it retroactively placed him in an LWOP status. ID at 4-5.

---

[2] In doing so, the administrative judge improperly characterized the appellant's claim as an alleged denial of due process. ID at 3.

Nonetheless, he found that the suspension claim appeared to be moot in light of agency efforts to reimburse the appellant for the resulting overpayment. ID at 5; IAF, Tab 15 at 4. The administrative judge advised the appellant that he could refile his appeal if the agency did not resolve the overpayment. ID at 5 n.2.

¶7    In his petition for review, the appellant contends that the administrative judge improperly failed to rule on his motion to compel. Petition for Review (PFR) File, Tab 1 at 2-4. He also argues that he was entitled to a hearing on his removal claim. *Id.* at 3-5. He disputes the administrative judge's findings that his position required a security clearance and that the agency complied with the applicable statutes and regulations. *Id.* at 6. He also argues that his suspension was not moot. *Id.* at 4. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 3. The appellant filed a reply to the agency's response. PFR File, Tab 4. In addition, the Board issued an order to the parties to provide evidence and argument addressing the mootness issue, to which both parties responded. PFR File, Tabs 5-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appeal must be remanded for a hearing.

*The appellant is entitled to a hearing on his removal claim.*

¶8    As noted above, the administrative judge decided the appeal without holding a hearing, finding, among other things, that "it cannot reasonably be disputed that the appellant's position was designated as noncritical sensitive." ID at 3. The appellant asserts that the administrative judge erred in affirming his removal without holding a hearing. PFR File, Tab 4 at 2. We agree.

¶9    Section 7701(a)(1) of Title 5 provides that an appellant is entitled to a hearing in any action appealable to the Board under any law, rule, or regulation. *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 24 (2017). Because of this provision, the Board does not have the authority to grant summary

judgment. *Crispin v. Department of Commerce*, [732 F.2d 919](#), 922, 924 (Fed. Cir. 1984).

¶10        Because we are remanding this case for a hearing, we do not decide the other issues regarding the appellant's removal that he raises on review.[3]  These include whether his position required a security clearance, whether the agency failed to comply with its own regulations in revoking his security clearance, and whether the agency should have reassigned him as an alternative to removal.  PFR File, Tab 1 at 6; *see Palafox v. Department of the Navy*, [124 M.S.P.R. 54](#), ¶ 8 (2016) (explaining the Board's limited scope of review in an appeal of an adverse action based on the suspension of an appellant's access to classified information); *Ingram v. Department of Defense*, [120 M.S.P.R. 420](#), ¶ 10 (2013) (explaining the scope of review in an appeal of an adverse action based on the denial of a security clearance).  These issues should be resolved on a fully developed post-hearing record.  *See West v. Department of the Navy*, [63 M.S.P.R. 86](#), 89 (1994) (finding that the administrative judge erred by excluding testimony proffered to resolve the question of whether the position at issue was subject to a security clearance requirement).

¶11        On remand, the administrative judge should rule on the appellant's motions to compel.  IAF, Tabs 9-10; *see Rice v. Department of Agriculture*, [97 M.S.P.R. 501](#), ¶ 19 (2004).  The appellant asserts that, if granted, his motions would have required the agency to provide information relevant to his arguments listed above.  PFR File, Tab 1 at 1-2, Tab 4 at 3-4; IAF, Tab 9, Exhibit A at 4.  The agency argued below that one of the motions to compel was untimely filed.  IAF, Tab 11 at 3.  These issues are best addressed by the administrative judge on remand.  *See*

---

[3] Similarly, because we are remanding the appeal, we need not address the appellant's October 30, 2020 motion for leave to file an additional pleading.  PFR File, Tab 12. Upon remand, consistent with the Board's regulations and this Remand Order, the appellant may submit additional evidence and argument concerning his appeal.

5 C.F.R. § 1201.41(b)(4) (discussing the administrative judge's authority to rule on discovery motions).

¶12 The appellant's harmful error claim also warrants further consideration on remand. ID at 3. The appellant alleged that during a hearing before the agency's DOHA, he was not allowed to present evidence that his position did not require a security clearance. IAF, Tab 3 at 16; PFR File, Tab 1 at 6. The Board's administrative judge concluded that the Board could not review this claim because it required reaching the merits of the security-clearance determination. ID at 3. We disagree.

¶13 Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an adverse action if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision." *Blatt v. Department of the Army*, 121 M.S.P.R. 473, ¶ 7 (2014). As such, the Board may review whether the agency complied with its own procedures for revoking a security clearance and for taking an adverse action based on such revocation. *Id.* If, on remand, the administrative judge is unable to make a determination as to whether the agency committed error and whether such error was harmful without reviewing the merits of the revocation decision, it may be appropriate to remand the matter to the agency to make a redetermination. *See Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶¶ 31-33 (2012) (finding it appropriate to remand to an agency to determine whether its procedural error was harmful to its access-eligibility determination). Such a remand would allow the Board to resolve the appeal without intruding into a matter within the agency's sole discretion. *Id.*, ¶ 33.

¶14 In addition, the record does not reflect whether the appellant requested or received a final decision from the Personnel Security Appeals Board (PSAB) before the agency removed him. IAF, Tab 3, Subtab 4C at 1, Subtab 4D. The parties may wish to address these issues on remand. The Board has found that the agency's regulations prohibit taking an adverse action unless the employee was provided with a written decision from the Department of Defense Consolidated

Adjudications Committee (CAF), the opportunity to respond to the CAF, a written decision stating the final reasons for the unfavorable administrative action, the opportunity to appeal to the relevant PSAB, and a written decision from the PSAB.[4] *Blatt*, 121 M.S.P.R. 473, ¶¶ 2, 8.

¶15     As to the penalty of removal, the administrative judge concluded that the appellant failed to show that the agency had any obligation to transfer him to a nonsensitive position. ID at 4. Although the appellant reargues the issue of penalty on review, we find it premature to address this finding here. PFR File, Tab 1 at 3-4, 5-6; IAF, Tab 7 at 4. On remand, if the administrative judge finds that the agency has proven its charge and that the appellant has not proven harmful error or otherwise raised a valid defense, the administrative judge then may determine whether the agency was obligated to reassign the appellant. *See Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1371-73 (Fed. Cir. 2015) (finding that the Board may not consider whether an agency should have reassigned an employee in connection with an adverse action based on a security-clearance determination unless an agency policy required such consideration). If so, the administrative judge should determine whether the agency complied with its requirements. IAF, Tab 3, Subtab 4B at 3.

*The appellant's suspension is not moot.*

¶16     As the administrative judge properly found, the agency's placing the appellant in an involuntary LWOP status retroactively from December 27, 2014, to November 14, 2015, is an appealable nonconstructive suspension. *Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 9 (2016); ID at 4-5. Although the

---

[4] It appears that since the events at issue here, the agency has revised its security clearance procedures. *See* Rules and Regulations, 82 Fed. Reg. 1192 (Jan. 5, 2017) (indicating that the Department of Defense was removing its regulations in 32 C.F.R. part 154, and was in the process of revising its guidance regarding personnel security). However, neither party indicated below that the agency made a change to its guidance that impacts the instant appeal. If appropriate, the parties may address this issue on remand.

administrative judge found that the agency conceded that the appellant was not provided with notice and an opportunity to respond, we have been unable to locate the source of this conclusion.[5]  ID at 4-5.  Rather, the agency argued that the suspension claim was moot without addressing any due process issues.  IAF, Tab 13 at 1-3.

¶17　　The agency indicated that it had begun to rectify the overpayment caused by its placing the appellant on LWOP, and the appellant had not raised any affirmative defenses related to his suspension claim, and so the administrative judge found no dispute that would warrant holding a hearing and dismissed the suspension claim as moot.  ID at 5.  The administrative judge informed the appellant that he could refile his constructive suspension claim should the agency fail to rectify the situation.  ID at 5 n.2.  The appellant argues on review that the agency had only partially paid him, and, as such, the appeal was not moot.  PFR File, Tab 1 at 6, Tab 4 at 7.

¶18　　Because the unsworn statements of the agency's representative in a pleading are not evidence and an agency's representation that it intends to pay appropriate back pay does not constitute sufficient evidence for a claim to be deemed moot, the Board on review ordered the parties to provide evidence and argument addressing whether the appellant had received all of the relief he could have obtained had he prevailed before the Board.  PFR File, Tab 5; *see Haskins v. Department of the Navy*, 106 M.S.P.R. 616, ¶¶ 15, 20 (2007); *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).  The parties both responded and filed replies to each other's response.  PFR File, Tabs 6-9.  In a

---

[5] It appears that, prior to initiating collections, DFAS notified the appellant of the reasons he was assessed a debt and provided him with an opportunity to dispute it.  IAF, Tab 7 at 41-42; *see Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 29 (2016) (discussing the due process right of tenured public employees to minimum due process of law, i.e., prior notice and an opportunity to respond), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018).  We do not reach a conclusion here regarding whether the agency met the requirements of due process.

sworn declaration, the appellant averred that the agency has not addressed all of the pertinent back pay issues and failed to document its accounting of the $47,959.68 payment he received. PFR File, Tab 6 at 3-5. In an unsworn filing, the agency asserts that the $47,959.68 represents the appellant's net pay after withholding for taxes and benefits. PFR File, Tab 7.

¶19 The appellant's sworn statement that the agency has not paid him all appropriate back pay constitutes a nonfrivolous allegation that his appeal is not moot. *Jasper v. U.S. Postal Service*, 88 M.S.P.R. 27, ¶ 9 (2001). The agency's unsworn submission is insufficient to refute the appellant's sworn declaration. *Haskins*, 106 M.S.P.R. 616, ¶¶ 15, 20. Therefore, we remand the appellant's suspension claim to the administrative judge. Unless the agency meets its burden on remand to prove that it provided the appellant with status quo ante relief, the administrative judge should hold the appellant's requested hearing on his suspension claim. *See Harris v. Department of the Air Force*, 96 M.S.P.R. 193, ¶¶ 9, 11 (2004) (remanding an appeal to determine whether the agency completely rescinded its removal of the appellant and returned him to status quo ante).

## ORDER

¶20 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.