## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID M. YANG,
        Appellant,

v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-0752-22-0502-I-1

DATE: July 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shawn A. Luiz, Esquire, Honolulu, Hawaii, for the appellant.

Walter Joseph Folger, Esquire, Fort Shafter, Hawaii, for the agency.

Patsy M. Takemura, Esquire, Honolulu, Hawaii, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension based on the suspension of his access to classified information. On petition for review, the appellant argues that the penalty of an indefinite suspension was not justified, and he reasserts his claims

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

from below that the Director did not have authority to suspend his access to classified information, that his duties did not require him to have access to classified information, that the agency engaged in harmful procedural error, and that the suspension of his access to classified information and subsequent indefinite suspension were the result of discrimination based on race, disability, and age, and reprisal for whistleblowing. Petition for Review (PFR) File, Tab 1.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[2] The appellant has filed a reply to the agency's response to the petition for review. PFR File, Tab 7. Pursuant to 5 C.F.R. § 1201.114(e), any such reply must be filed within 10 days of the date of service of the response to the petition for review. Here, the agency's response to the petition for review was filed on March 10, 2023, making any reply thereto due on March 20, 2023. The appellant submitted his reply brief on April 1, 2023, which makes it untimely filed by 12 days. To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The appellant submitted with his motion a declaration from his counsel, which stated that counsel was out of the country with limited access to the internet from March 7-20, 2023, on vacation with his family and that, upon his return, he was ill. PFR File, Tab 6 at 6. He asserts that his first day back at the office was March 24, 2023. *Id.* The appellant has not established good cause for the untimely filing. Appellant's counsel's explanation that he was on vacation when the filing period ran is not a reasonable excuse for missing a filing deadline. *See Dooley v. Department of the Air Force*, 57 M.S.P.R. 684, 690-91 (1993). Moreover, by counsel's own admission, even after returning to work, it took him another week to submit the reply pleading. Thus, we conclude that he did not exercise due diligence upon his return. *See Figueroa v. Office of Personnel Management*, 81 M.S.P.R. 33, ¶ 9 (1999). It is well settled that an appellant is responsible for the action or inaction of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Accordingly, we deny the appellant's motion to waive the filing deadline for his untimely reply.

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision to find that the penalty of indefinite suspension was reasonable, we AFFIRM the initial decision.

¶2 In the initial decision, the administrative judge correctly found that the appellant's position required a security clearance and eligibility for access to classified information, his access to classified information was suspended, the agency complied with the procedural protections set forth in 5 U.S.C. § 7513(b), the agency did not have a policy entitling the appellant to reassignment in lieu of an indefinite suspension, and the indefinite suspension from pay and duty statute included a condition subsequent that would terminate the suspension. Initial Appeal File (IAF), Tab 35, Initial Decision (ID) at 7-16; *see Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 7 (2014); *Munoz v. Department of Homeland Security*, 121 M.S.P.R. 483, ¶ 15 (2014); *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶ 6 (2013). She also correctly found that the appellant failed to establish his affirmative defenses of harmful procedural error, discrimination on the basis of race, age, and disability, and whistleblower reprisal. ID at 17-21. The appellant's arguments on review do not provide a basis to disturb the initial decision in this regard. The administrative judge further found that a nexus exists between the appellant's indefinite suspension and the efficiency of the service. ID at 16-17. The appellant has not challenged this finding on review, and we discern no reason to disturb it.

¶3    Generally, to sustain an indefinite suspension under chapter 75, the agency must also show that the penalty was reasonable. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶¶ 6, 10 (2012). In the initial decision, the administrative judge did not make a finding regarding the reasonableness of the penalty, and the appellant raises in his petition for review arguments concerning the penalty. Specifically, he asserts that the penalty is too severe given that there was no finding of wrongdoing, that the agency could and should have adopted a prior recommendation for a 10-day suspension, and that the agency did not apply the *Douglas* factors. PFR File, Tab 1 at 7-10.

¶4    The appellant's arguments are without merit. As an initial matter, the Board has explained that a traditional *Douglas* factors analysis is generally not applicable in cases when an appellant's indefinite suspension is based on the revocation or suspension of a security clearance required for his position and not the result of misconduct. *See Munoz*, 121 M.S.P.R. 483, ¶ 15. Regarding the argument that agency officials should have adopted a prior recommendation for a 10-day suspension, PFR File, Tab 1 at 9-10, the appellant has not adequately explained to what recommendation he is referring. The notice of proposed action in this appeal recommends an indefinite suspension and that is the penalty that was adopted. IAF, Tab 5 at 12-15, 82-85. After our review of the record, it appears that the appellant was subject to a 10-day suspension by his supervisor at his prior duty location in Korea, but the appellant had already returned to duty in Hawaii before serving that suspension. *Id.* at 96. To the extent this is the 10-day suspension to which the appellant refers, that action appears to have been taken or recommended on the basis of the alleged misconduct that formed the basis of the Defense Criminal Investigative Service investigation, and not the suspension of his access to classified information, which did not occur for another several months.

¶5    Regarding the appellant's general argument that the indefinite suspension is too severe and akin to a disciplinary punishment, the Board has consistently

upheld indefinite suspensions based on an inability to meet a condition of employment due to the suspension of access to classified information or revocation of a security clearance. *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶¶ 4-5, 14 (2016); *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015) (stating that an agency may indefinitely suspend an employee when his access to classified information has been suspended and he needs such access to perform his job); *Helms v. Department of the Army*, 114 M.S.P.R. 447, ¶¶ 2, 10 (2010). Further, the U.S. Court of Appeals for the Federal Circuit has found that, in the absence of a statute or regulation creating a substantive right to reassignment, the Board is precluded from requiring the agency to transfer the appellant to a position not requiring a security clearance or access to classified information. *See Ryan v. Department of Homeland Security*, 793 F.3d 1368 (Fed. Cir. 2015). Accordingly, we supplement the initial decision to find that the agency proved that the penalty of an indefinite suspension is reasonable.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:        _____
                       Gina K. Grippando
                       Clerk of the Board
Washington, D.C.