# United States Court of Appeals for the Federal Circuit

---

**JOAN RYAN,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

**JOAN RYAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

**JOAN RYAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3181, 2014-3182, 2014-3183

---

Petitions for review of the Merit Systems Protection Board in Nos. PH-0752-13-0127-I-1, PH-0752-13-5283-I-1, PH-0752-13-0343-I-1.

—————————

Decided:  July 13, 2015

—————————

PETER B. BROIDA, Arlington, VA, argued for petitioner.

HILLARY STERN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent Department of Homeland Security.  Also represented by JOYCE BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent Merit Systems Protection Board.  Also represented by BRYAN G. POLISUK.

—————————

Before O'MALLEY and WALLACH, *Circuit Judges*, and GILSTRAP,* *District Judge.*

WALLACH, *Circuit Judge.*

Petitioner Joan Ryan appeals three decisions of the Merit Systems Protection Board ("MSPB" or "Board").  In the first decision, the MSPB upheld Ms. Ryan's indefinite suspension from duty based on an underlying suspension of her security clearance, found she was not entitled to consideration for transfer to a position not requiring a security clearance, and found acquittal of the criminal charges underlying the security clearance suspension did not entitle her to reinstatement.  *Ryan v. Dep't of Homeland Sec.* (*Ryan I*), 2014 M.S.P.B. 64 (2014) (J.A. 13–24),

—————————

*     The Honorable Rodney Gilstrap, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

*overruled by Freeze v. Dep't of the Navy*, 2015 M.S.P.B. 9 (2015).[1]   In the second decision, the MSPB found it did not have authority to order Ms. Ryan restored to her position simply because of delay with respect to a final decision on her security clearance. *Ryan v. Dep't of Homeland Sec.* (*Ryan II*), No. PH-0752-13-0343-I-1 (M.S.P.B. Aug. 18, 2014) (J.A. 51–54).   In the third decision, the MSPB found the basis for the suspension of Ms. Ryan's employment was not constructively amended when the suspended security clearance was eventually revoked. *Ryan v. Dep't of Homeland Sec.* (*Ryan III*), No. PH-0752-13-5283-I-1 (M.S.P.B. Aug. 18, 2014) (J.A. 41–45).   This court affirms.

BACKGROUND

Ms. Ryan was employed as a regional Mission Support Division Director, level GS-15, by the Federal Emergency Management Agency ("the agency" or "FEMA"), an agency within the Department of Homeland Security ("DHS").   The position required her to maintain a top secret security clearance.   The agency suspended Ms. Ryan's access to classified information after it learned she had been indicted on federal criminal charges related to conflict of interest, solicitation of a gratuity, and making a false statement.   Because she no longer met the requirements of the position, FEMA indefinitely suspended her from duty without pay "until such time as a final determination is made by the FEMA Office of the Chief Security Officer (OCSO) with respect to [her] future eligibility for access to classified information."   J.A. 78.

Ms. Ryan appealed the indefinite suspension to the MSPB.   Although Ms. Ryan was acquitted of all criminal charges in February 2013, the MSPB Administrative Judge ("AJ") found she was not entitled to an immediate

---

[1]     *See infra* note 2.

termination of the indefinite suspension from duty because "the indefinite suspension was based upon the suspension of her clearance and not the underlying reasons for the suspension of the clearance (the indictment)." J.A. 39. This decision was upheld on appeal by the MSPB. *Ryan I*, 2014 M.S.P.B. 64. The MSPB noted that it was "precluded from ordering the appellant's reinstatement to a position requiring access to classified information when she is without the required clearance to access such information." *Id.* ¶ 15.

While Ms. Ryan's appeal in *Ryan I* was pending, she filed another appeal asserting, among other things, that "the agency [was] unreasonably delaying the adjudication of her [security] clearance." J.A. 56. In an initial decision, the AJ dismissed the claim for lack of subject matter jurisdiction, and the MSPB affirmed. *Ryan II*, No. PH-0752-13-0343-I-1. In the initial decision, the AJ noted "[t]he condition subsequent—the completion of the agency's readjudication of her security clearance—has simply not yet occurred" and therefore "the Board does not have jurisdiction over her claim." J.A. 57.[2] In affirming the

---

[2]    *Ryan I* was overruled by *Freeze*, 2015 M.S.P.B. 9, "to the extent that it holds that, where an agency indefinitely suspends an appellant based upon the suspension of her security clearance, the condition subsequent triggering the cessation of the suspension is the *restoration* of her security clearance." *Id.* ¶ 11 n.2 (emphasis added). The MSPB noted that it "cannot impose a condition subsequent of *restoration* of an appellant's security clearance where the letter indefinitely suspending the appellant identifies the condition subsequent as the completion and disposition of *all issues regarding* the appellant's security clearance." *Id.* (emphases added). The use in *Ryan I* of the term "restoration" rather than "disposition" does not affect the outcome of the present appeal. The

AJ's decision, the MSPB noted "appellant has cited no support for her contention that the Board has the authority to order her restored based solely upon the amount of time that has elapsed since her acquittal, notwithstanding the fact that the agency has yet to decide whether to reinstate her access to classified information." *Ryan II*, at 3 ¶ 3.

The suspension of Ms. Ryan's security clearance occurred in September 2012. After the agency revoked her security clearance in July 2013, she filed a third appeal asserting the basis for her indefinite suspension was constructively amended when her security clearance was revoked. *Ryan III*, No. PH-0752-13-5283-I-1. Specifically, she asserted that "the revocation was based (at least in part) on reasons not specified in her notice of proposed suspension" and "she has never had a chance to contest" those new reasons. J.A. 48. The AJ dismissed the action, finding "the new underlying details do not change the basis for the suspension [of Ms. Ryan's employment], and [Ms. Ryan] has the opportunity to challenge this new information in her security clearance appeal." J.A. 49. The MSPB affirmed, noting "the appellant's inability to access classified information" was the basis for her indefinite suspension, and the fact that Ms. Ryan's security clearance had been revoked, rather than just suspended,

---

parties appear to recognize that, as stated in *Freeze*, the condition subsequent could have included, but was not limited to, the restoration of Ryan's security clearance. *See* Pet'r's Br. 48 ("e.g., restoration of the clearance"); Brief for Respondent DHS 8 ("[T]he condition subsequent . . . was the final adjudication of her security clearance."); Brief for Respondent MSPB 8 ("[T]he condition subsequent is the one identified by the agency in its decision imposing the indefinite suspension.").

did not "explicitly or implicitly amend[] the basis for her indefinite suspension [from duty]." *Ryan III*, at 5–6 ¶ 4.

Appeals from *Ryan I*, *Ryan II*, and *Ryan III* were consolidated before this court and form the basis of the present appeal. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I.   Standard of Review

When considering appeals from the MSPB,

> th[is] court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be— (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2012). The MSPB's determination with respect to its jurisdiction is reviewed de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

II. The MSPB Correctly Determined Ms. Ryan Was Not Entitled to Be Considered for Transfer to Another Position

The MSPB does not have authority "to review the substance of an underlying decision to deny or revoke a security clearance in the course of reviewing an adverse action," such as discharge or indefinite suspension. *Dep't of the Navy v. Egan*, 484 U.S. 518, 520 (1988). Rather, the MSPB has the authority to review only whether: (1) the petitioner's position required a clearance; (2) the clearance was denied, suspended, or revoked; and (3) the procedural protections specified in 5 U.S.C. § 7513 were followed. *Hesse v. Dep't of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000).

Ms. Ryan does not dispute that the position required a clearance or that the clearance was suspended and then revoked. Instead, she argues MSPB precedent requires the MSPB to conduct a "mitigation analysis . . . in cases of indefinite suspensions." Pet'r's Br. 12. That is, the MSPB should have "assess[ed] the propriety of an indefinite suspension rather than [a less severe] alternative," such as transfer or demotion to another position that did not require a security clearance. *Id.* at 38. It should have done so, she asserts, because the MSPB "[f]or decades . . . has applied a *Douglas* penalty review in indefinite suspension appeals" and should have done so in this case. Pet'r's Br. 24; *see Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981).

*Douglas*, however, addressed the question of whether the MSPB's statutory authority "includes authority to modify or reduce a *penalty* imposed on an employee by an agency's *adverse action*." *Douglas*, 5 M.S.P.B. at 313 (emphases added); *see also* 5 U.S.C. § 7501(2) (A "suspension" reviewable pursuant to § 7513(d) "means the placing of an employee, *for disciplinary reasons*, in a temporary status without duties and pay.") (emphasis added); *id.* § 7511(a)(2). The Supreme Court has made clear "[a] denial of a security clearance is not . . . an 'adverse action,' and by its own force is not subject to [MSPB] review." *Egan*, 484 U.S. at 530.

Ms. Ryan asserts that, although the denial of a security clearance is not an adverse action, the indefinite suspension occasioned by the loss of a security clearance is an adverse action. She emphasizes the hardships occasioned by an indefinite suspension, noting the suspended employee "is out of work for what is likely assumed to be questionable circumstances by a prospective private sector employer who, suspending disbelief, may not be inclined to assume the risk of hiring someone who on short notice may return to government employment." Pet'r's Br. 25.

Although Ms. Ryan is correct that an indefinite suspension constitutes an adverse action, *see* 5 U.S.C. § 7512,[3] in her case it was not imposed as a penalty for wrongdoing or poor job performance, but was caused by Ms. Ryan's loss of her security clearance, which resulted in her no longer possessing a qualification required for the position. *Douglas* was a decision addressing the consolidated cases of seven individual appellants who "were each removed by their agencies upon charges of job-related misconduct." *Douglas*, 5 M.S.P.B. at 313–14. No security clearances were at issue in *Douglas* or in the other authorities cited by Ms. Ryan. *See* Pet'r's Br. 27–30 (citing *Sanchez v. Dep't of Energy*, 2011 M.S.P.B. 95 (2011); *Vega v. Dep't of Justice*, 37 M.S.P.R. 115 (1988); *Martin v. Dep't of the Treasury*, 10 M.S.P.B. 568 (1982)). Similarly, decisions of this court considering or mentioning a *Douglas* mitigation analysis have involved penalties for misconduct rather than loss of a required qualification for a position. *See, e.g.*, *MacLean v. Dep't of Homeland Sec.*, 714 F.3d 1301 (Fed. Cir. 2013) (unauthorized disclosure of sensitive security information); *Greenstreet v. Soc. Sec. Admin.*, 543 F.3d 705 (Fed. Cir. 2008) (damage of computer and other office equipment during "isolated outburst"); *Jacobs v. Dep't of Justice*, 35 F.3d 1543 (Fed. Cir. 1994) (falsification of documents); *Beard v. Gen. Servs. Admin.*, 801 F.2d 1318 (Fed. Cir. 1986) (violation of agency rules regarding the use of mace).

The rationale underlying the *Douglas* mitigation analysis reflects the general principle that penalties

---

[3]    *See also Perez v. Dep't of Justice*, 480 F.3d 1309, 1314 (Fed. Cir. 2007) (Dyk, J., dissenting) ("[A]gencies have the authority to indefinitely suspend employees . . . but . . . such suspensions are adverse actions appealable to the Board."); *Dunnington v. Dep't of Justice*, 956 F.2d 1151, 1153 (Fed. Cir. 1992).

should be proportional to misconduct. *See Douglas*, 5 M.S.P.B. at 313 (The MSPB has "authority to mitigate penalties when the [MSPB] determines that the agency-imposed penalty is clearly excessive, disproportionate to the sustained charges, or arbitrary, capricious, or unreasonable."). If no security clearance suspension were at issue and Ms. Ryan had been indefinitely suspended from duty based on the underlying alleged criminal misconduct, a *Douglas* mitigation analysis might be proper, but those are not the facts with which this court has been presented in this appeal.

To the extent Ms. Ryan suggests the MSPB should nevertheless apply *Douglas* to require that Ms. Ryan be considered for transfer to a position not requiring a security clearance, the MSPB is precluded from doing so by *Griffin v. Defense Mapping Agency*, 864 F.2d 1579 (Fed. Cir. 1989). In *Griffin*, an employee "was denied a top secret clearance because he falsified pre-employment security forms." *Id*. at 1580. This court explained that, where a security clearance is required for a position and the employee does not possess one, the MSPB "*has no authority* to inquire into the feasibility of transfer to alternative positions" unless a "substantive right [to be transferred] is available from some other source, such as a statute or regulation." *Id*. (emphasis added); *see also Hesse*, 217 F.3d at 1381 ("[A]n employee has a right to be transferred to a nonsensitive position only if that right is manifested in statute or regulation."); *Lyles v. Dep't of the Army*, 864 F.2d 1581, 1583 (Fed. Cir. 1989) (*Egan* "does not create any substantive right to consideration for alternative employment" and an individual who does not meet the requirements of a position may be dismissed "unless additional rights are available from some other source."). Ms. Ryan cites no statute or regulation manifesting a right to transfer to a nonsensitive position.

*Hesse* is particularly relevant. Like Ms. Ryan, Mr. Hesse was employed by the government in a position that

required a top secret security clearance. *Hesse*, 217 F.3d at 1374. After a series of alleged security violations by Mr. Hesse, his security clearance was suspended. *Id.* "Based on the suspension of Mr. Hesse's security clearance, the agency suspended him from his position." *Id.* Applying the Supreme Court's decision in *Egan*, this court concluded "the [MSPB] is not authorized to review security clearance determinations *or agency actions based on security clearance determinations.*" *Id.* at 1376 (emphasis added). The MSPB is therefore not authorized to review FEMA's determination with respect to the feasibility of Ms. Ryan's transfer to an alternative position, given the MSPB's finding that FEMA does not have a policy requiring it to consider reassignment in cases where security clearances have been lost or suspended.

### III. The MSPB Correctly Declined to Order Remedial Action Following Ms. Ryan's Acquittal

Ms. Ryan argues that after she was acquitted, the MSPB improperly declined to exercise jurisdiction to review the indefinite suspension. *See* Pet'r's Br. 44 ("The appeal following Ryan's acquittal . . . was within the [MSPB's] jurisdiction.") (capitalization modified). "Once the condition subsequent has occurred, the agency must terminate the [indefinite] suspension within a reasonable amount of time." *Rhodes v. Merit Sys. Prot. Bd.*, 487 F.3d 1377, 1380–81 (Fed. Cir. 2007). In *Rhodes*, the petitioner was indefinitely suspended following indictment on criminal charges, and was later acquitted. *Id.* at 1379. No security clearance was at issue.

By contrast, in this case the condition subsequent was not the acquittal of criminal charges, but the "final determination . . . by the FEMA [OCSO] with respect to [Ms. Ryan's] future eligibility for access to classified information." J.A. 78. The letter informing Ms. Ryan that her security clearance was revoked is dated July 26, 2013. Therefore, at the time of the AJ's decision that led to the

MSPB's decision in *Ryan II*—July 15, 2013—a final determination with respect to her access to classified information had not occurred. Moreover, the eventual condition subsequent in this case—which took the form of clearance revocation—meant that at no point following her clearance suspension did Ms. Ryan hold the necessary qualifications for her position. The MSPB correctly held it is without authority to order the agency to return an uncleared employee to a position that requires a security clearance. *See Skees v. Dep't of the Navy*, 864 F.2d 1576, 1578 (Fed Cir. 1989) ("If the Board cannot review the employee's loss of security clearance, it is even further beyond question that it cannot review the Navy's judgment that the position itself requires the clearance.").

To the extent Ms. Ryan is arguing the MSPB should consider whether the determination with respect to her security clearance, as opposed to her indefinite suspension, was unduly delayed, the Supreme Court has stated "no one has a 'right' to a security clearance." *Egan*, 484 U.S. at 528. The Court explained that "[f]or reasons . . . too obvious to call for enlarged discussion, the protection of classified information must be committed to the broad discretion of the agency responsible." *Id.* at 529 (internal quotation marks and citation omitted); *see also Gargiulo v. Dep't of Homeland Sec.*, 727 F.3d 1181, 1185 (Fed. Cir. 2013) (Plaintiff has "no due process rights with respect to the procedures used to determine whether to suspend or revoke his security clearance."). An agency's broad discretion in evaluating eligibility for a security clearance suggests the agency similarly has broad discretion to determine how much time is required to evaluate whether the revocation of a suspended clearance is appropriate.[4]

---

[4] In any event, Ms. Ryan has not established the time between the suspension and revocation of her security clearance was clearly excessive or unreasonable. Ms.

IV.   The Basis of the Indefinite Suspension
Did Not Change After Acquittal

Ms. Ryan also objects to the revocation of her security clearance after she was acquitted of the charges that originally gave rise to the suspension of her security clearance. *See* Pet'r's Br. 54. However, neither this court nor the MSPB may review the merits of an agency's decision to suspend or revoke a security clearance. *See Egan*, 484 U.S. at 530 ("A denial of a security clearance . . . is not subject to [MSPB] review."). Moreover, even if the agency's suspension of Ms. Ryan's employment had been based on her indictment rather than on the suspension of her security clearance, acquittal of criminal charges under the "beyond a reasonable doubt" standard does not require the agency to reinstate the employee. *See Richardson v. U.S. Customs Serv.*, 47 F.3d 415, 421 (Fed. Cir. 1995) (rejecting the theory "that the grounds for suspension disappear[] as a result of . . . later acquittal").

Finally, Ms. Ryan asserts she "was not provided a new notice of the implicit change in the basis for the indefinite suspension." Pet'r's Br. 55. She explains:

> The transition from clearance suspension to clearance revocation was accompanied by a notice stating the reasons for the revocation, which included the specifics of the indictment (as opposed to just

-----

Ryan's access to classified information was suspended on March 28, 2012 and she was acquitted of criminal charges on February 19, 2013. Her security clearance was revoked approximately five months later, on July 26, 2013. This court has previously observed that security clearance investigations "often take up to a year." *Griffin*, 864 F.2d at 1581; *see also Gargiulo*, 727 F.3d at 1182–83 (approximately sixteen-month period between suspension of clearance and revocation of clearance).

> the existence of the indictment, referenced in the clearance suspension), and to which was added a basis not stated in the indictment: misleading statements to an ethics officer.

*Id.* at 54. As already noted, "[a] denial of a security clearance . . . is not subject to [MSPB] review." *Egan*, 484 U.S. at 530. The notice discussed in detail the bases for the clearance revocation. It did not alter the basis for suspending Ms. Ryan's employment. The suspension, as stated in the letter informing Ms. Ryan of the indefinite suspension of her employment, was "based exclusively upon the suspension of your access to classified information." J.A. 78. It was therefore Ms. Ryan's inability to access classified information, rather than the underlying reasons for that inability, that formed the basis of the indefinite suspension. *See Gargiulo*, 727 F.3d at 1185 (An employee indefinitely suspended for failure to maintain a required security clearance "ha[s] due process rights with respect to [the] indefinite suspension, but they [do] not include the right to contest the merits of the decision to suspend [the] security clearance."). The revocation of Ms. Ryan's clearance made this inability permanent.

CONCLUSION

For these reasons, the decisions of the MSPB are

**AFFIRMED**