## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TRAVIS BROWN,
              Appellant,

       v.

DEPARTMENT OF STATE,
              Agency.

DOCKET NUMBER
SF-0752-22-0091-I-1

DATE: August 28, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Travis Brown, San Diego, California, pro se.

Emma Broches, Esquire, Jason Despain, Esquire, and Marianne Perciaccante, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant petitions for review of the initial decision, which dismissed as untimely filed with no showing of good cause for the delay his appeal challenging the agency's continuation of his indefinite suspension. For the reasons set forth

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the appeal for further adjudication.

## BACKGROUND

¶2    The appellant is employed as a GS-0967-11 Passport Specialist at the agency's San Diego Passport Agency. Initial Appeal File (IAF), Tab 1 at 1. His position requires a security clearance. *Id.* at 9. On March 1, 2017, the agency suspended the appellant's security clearance pending the outcome of an investigation and placed him on administrative leave. *Id.* at 9-10. By letter dated May 1, 2017, the agency proposed to indefinitely suspend the appellant without pay for failure to maintain a condition of employment, i.e., his security clearance, because the suspension of his security clearance rendered him unable to perform the duties of his Passport Specialist position. *Id.* By letter dated June 30, 2017, the agency sustained the proposed indefinite suspension and placed the appellant on indefinite suspension without pay, effective the same day. *Id.* at 14-16. The appellant did not appeal the imposition of the indefinite suspension. *Id.* at 16.

¶3    On March 31, 2021, the appellant's union representative filed a final step grievance on the appellant's behalf through the parties' negotiated grievance procedure challenging the agency's continuation of his indefinite suspension. IAF, Tab 3 at 48. On October 25, 2021, the arbitrator dismissed the grievance because it was filed more than 30 days after the effective date of the indefinite suspension. IAF, Tab 1 at 25-35. The arbitrator noted that another viable path the appellant may have would be filing a Board appeal. *Id.* at 35.

¶4    On November 9, 2021, the appellant filed the instant Board appeal of the continuation of his indefinite suspension.[2]   IAF, Tab 1. Without holding a

---

[2] The appellant indicated that the agency sustained its decision to revoke his security clearance as of November 3, 2021, and that he "requested to appeal this decision and appear before the Security Appeals Panel with a date yet to be determined." IAF, Tab 3 at 12.

hearing, the administrative judge dismissed the appeal as untimely filed with no showing of good cause for the delay. IAF, Tab 9.

¶5 The appellant has petitioned for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded to the petition and to an order issued by the Office of the Clerk of the Board.[3] PFR File, Tabs 3-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The appellant asserts that, under *Jones v. U.S. Postal Service*, 65 M.S.P.R. 306, 313-14 (1994), the Board should consider his appeal despite the administrative judge's decision to dismiss it as untimely filed. PFR File, Tab 1 at 4. We agree. In the absence of notice to the appellant of a right of appeal, an appellant's "diligent action in filing promptly upon learning of their right of appeal sufficed to preserve their right." *Jones*, 65 M.S.P.R. at 313. The agency did not notify the appellant of such a right, nor did it take any action that would have ended the indefinite suspension, which has lasted for over 6 years. The appellant, acting pro se, filed this Board appeal 2 weeks after an arbitrator suggested that he may have a right to appeal the matter to the Board. IAF, Tab 1, Tab 3 at 33. Under these circumstances, we find that the appellant's right of appeal has been preserved, and we reverse the initial decision. *See, e.g.*, *Sikes v. Department of the Navy*, 2022 MSPB 12, ¶ 7 n.2 (finding good cause for the untimely filing of an appeal of a continuation of an indefinite suspension when the appellant received no notice of a right to appeal such an action to the Board).

¶7 An indefinite suspension, to be valid, must have an ascertainable end. *Rawls v. U.S. Postal Service*, 98 M.S.P.R. 98, ¶ 6 (2004). This "ascertainable end" requirement derives from the statutory definition of a "suspension" as "the placing of an employee, for disciplinary reasons, in a *temporary* status without

---

[3] In its response to the order, the agency's representative asserts that "[a]s of June 26, 2023, the Agency has not rendered a final decision on Appellant's eligibility for a security clearance." PFR File, Tab 5 at 4.

duties and pay." 5 U.S.C. § 7501(2) (emphasis added); *see* 5 U.S.C. § 7511(a)(2); *Martin v. Department of the Treasury*, 12 M.S.P.R. 12, 17 (1982), *aff'd in part, rev'd in part on other grounds sub nom. Brown v. Department of Justice*, 715 F.2d 662 (D.C. Cir. 1983), and *aff'd sub nom. Otherson v. Department of Justice*, 956 F.2d 1151, 1155 (Fed. Cir. 1992); *Martin modified on other grounds by Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 663 n.5 (1994). Because a suspension must be *temporary*, "an action imposed with no ascertainable end in sight is not sustainable as a suspension, because of [a] failure to meet the criterion of temporariness." *Martin*, 12 M.S.P.R. at 17. An indefinite suspension may be found to have been reasonable when imposed, although facts later developed may cause the Board to find that an agency acted unreasonably in failing or refusing to vacate the action. *Id.* at 20. Board orders that sustain indefinite suspensions either explicitly or implicitly mandate that the agency move expeditiously and that the suspension terminate upon the occurrence of the condition subsequent. *Id.* Permitting an agency to take an unlimited amount of time to determine what action to take while keeping the appellant on an indefinite suspension contravenes the requirement that an indefinite suspension have an ascertainable end. *Drain v. Department of Justice*, 108 M.S.P.R. 562, ¶ 8 (2008); *Arrieta v. Department of Homeland Security*, 108 M.S.P.R. 372, ¶ 8 (2008). The agency has the burden of proving the validity of its continuing indefinite suspension. *Farris v. Department of the Air Force*, 29 M.S.P.R. 518, 520 (1985).

¶8 Here, the agency indefinitely suspended the appellant, effective June 30, 2017, for failure to maintain a condition of employment. IAF, Tab 6 at 156-62. The agency indicated that the suspension would remain in effect until it "has made a final determination concerning your eligibility for a security clearance and/or there is sufficient evidence either to return you to duty or support additional administrative action." *Id.* at 165. Thus, the agency appears to have set forth three separate and distinct bases that would end the appellant's indefinite suspension. Unlike an indefinite suspension based on the resolution of possible

criminal misconduct, all of these bases for ending the indefinite suspension are within the control of the Department of State as a whole, which is the agency captioned before the Board in this case. As noted above, as of the date of this Remand Order, the appellant has been indefinitely suspended for over 6 years, and there is presently no end in sight. While the agency may have "broad discretion" to determine how much time is required to evaluate whether the revocation of a suspended clearance is appropriate, *Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1374 (Fed. Cir. 2015), such discretion may not be unfettered, *id.* (noting that the petitioner did not show that the agency's delay was "clearly excessive or unreasonable," and observing that security clearance investigations "often take up to a year").

¶9 Accordingly, we remand this appeal for further adjudication. On remand, the agency is ordered to submit evidence[4] and argument to the administrative judge proving by preponderant evidence the validity of the indefinite suspension by showing that there is an ascertainable end in sight such that the action can meet the statutory criterion of temporariness. At the very least, the agency must explain what steps it is taking to end the indefinite suspension and indicate when it expects the indefinite suspension to end. If the agency does not meet this burden, the administrative judge shall reverse the indefinite suspension, effective upon the date on which the administrative judge finds that the indefinite suspension ceased to be temporary.

¶10 The agency is also ordered on remand to submit evidence and argument to the administrative judge proving by preponderant evidence that the conditions supporting the continuation of the indefinite suspension are still in effect, i.e., that the agency has not made a final determination concerning the appellant's eligibility for a security clearance, there is not sufficient evidence to return the appellant to duty, and there is not sufficient evidence to support additional

---

[4] The statements of a party's representative in a pleading do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).

administrative action. Regarding the second of these possible bases for ending the indefinite suspension, we note that the appellant and the agency entered into a last chance agreement under which the agency agreed to hold the appellant's proposed removal in abeyance if he satisfied certain conditions. IAF, Tab 1 at 20-23. The appellant appears to have satisfied those conditions. *Id.* at 24. We therefore order the agency to explain to the administrative judge on remand why the appellant's successful completion of the last chance agreement does not constitute sufficient evidence to "return [him] to duty," if not in his former position, then in a position that does not require a security clearance if a statute, regulation, or agency policy manifests a right to transfer to such a position.

¶11 After receipt of the above evidence and argument from the agency, as well as any submission filed by the appellant, the administrative judge shall take any further action necessary to adjudicate the case and issue a new initial decision that determines whether the agency's indefinite suspension action meets the statutory criterion of temporariness and, if so, whether the conditions subsequent that would end the indefinite suspension have been met.

## ORDER

¶12 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:           /s/ for
                         _____
                         Jennifer Everling
                         Acting Clerk of the Board
Washington, D.C.