# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WADE TREVOR COX, | DOCKET NUMBER |
| Appellant, | SF-0752-24-0058-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: May 12, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey Glenn Letts, Esquire, Ruther Glen, Virginia, for the appellant.

Kenneth J. Bacso, Esquire, and Mona C. Williams, Esquire, Silverdale, Washington, for the agency.

David A. Thayer, Esquire, Bremerton, Washington, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his indefinite suspension based on a suspension of access to classified information. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED concerning the condition subsequent that ended the appellant's indefinite suspension, the procedural protections required by 5 U.S.C. § 7513, and the appellant's affirmative defenses of due process violations and harmful procedural error, we AFFIRM the initial decision. We DENY the appellant's motion for leave to file an additional pleading.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant background information, as set forth in the initial decision, is not in material dispute. The appellant was employed at the agency's Trident Refit Facility Bangor (TRFB) in Washington as a GS-13 Supervisory Logistic Management Specialist, which was a noncritical sensitive position that required access to classified information and a security clearance. *Cox v. Department of the Navy*, MSPB Docket No. SF-0752-24-0058-I-1, Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 3-4. On October 18, 2021, the Commanding Officer (CO) of the base proposed the appellant's suspension of access to classified information following reports made to the TRFB Security Office on October 15, 2021, about the appellant's disruptive conduct. ID at 4. He was escorted from the base and placed on administrative leave. ID at 4-6; *see also* IAF, Tab 3 at 18. On December 13, 2021, the CO made a final determination to

suspend the appellant's access to classified information and assignment to a sensitive position. ID at 5. The suspension of access letter stated that the matter would be forwarded to the Department of Defense Consolidated Adjudications Facility (DOD CAF), later known as the Defense and Security Agency's Consolidated Adjudication Service (DCAS), which would make a final determination of the appellant's continued eligibility for a security clearance and assignment to sensitive duties. *Id.* After referring the matter to DCAS, the CO had no authority to reinstate the appellant's access to classified information. ID at 5-6. The appellant never received notice from this adjudicative entity about anything related to his security clearance. ID at 6.

Meanwhile, the disruptive conduct that resulted in the appellant being escorted from the base on October 18, 2021, also led to the agency's proposal to remove the appellant from Federal service in November 2021. ID at 6. The appellant was removed from his position in January 2022, but was reinstated following the Board's Final Order dated August 23, 2023, reversing the agency's removal action. *Id.* Although the agency restored the appellant to its rolls, it determined that it could not return the appellant to the base to perform his duties because his suspension of access to classified information was still in effect. ID at 7. For this reason, the agency proposed to indefinitely suspend the appellant, on September 25, 2023. *Id.* The appellant responded in writing, and, on October 24, 2023, the agency decided to suspend the appellant indefinitely from duty and pay, effective November 1, 2023, because the appellant had no access to classified information unless and until DCAS reinstated access. *Id.*

The current matter is the appellant's timely appeal of that indefinite suspension. IAF, Tab 1. The agency removed the appellant a second time, on January 31, 2024, based on the appellant's alleged conduct, which is the subject of a separate Board appeal. *Cox v. Department of the Navy*, MSPB Docket No. SF-0752-24-0325-I-1, Initial Appeal File (0325 IAF), Tab 3 at 14-17. Following a hearing, the administrative judge issued an initial decision sustaining the

indefinite suspension. ID. The administrative judge found that the Board had limited authority to review the agency's action because it involved an underlying security determination. ID at 2. She found that the agency proved that the appellant's position required access to classified information and that his access to classified information was suspended, which was not in dispute, and that the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513. ID. She further found that the agency provided the appellant with minimum due process in taking the indefinite suspension action and that the appellant did not prove harmful procedural error. ID.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response opposing the petition, PFR File, Tab 4, and the appellant has replied to the agency's response, PFR File, Tab 5. The appellant has also filed a motion for leave to file an additional pleading. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved that its indefinite suspension action was valid based on a pending security clearance determination.</u>

As an initial matter, the administrative judge properly found that the Board has jurisdiction over this chapter 75 appeal of an indefinite suspension lasting more than 14 days. ID at 2-3; 5 U.S.C. §§ 7513(d), 7512(2). She also found that the agency's decision to indefinitely suspend the appellant because he lacked access to classified information, including access to the workplace, clearly comported with the requirements for an indefinite suspension under the Office of Personnel Management's regulation at 5 C.F.R. § 752.402. ID at 10-11. The regulation defines "indefinite suspension" as follows:

> Indefinite suspension means the placing of an employee in a temporary status without duties and pay pending investigation, inquiry, or further agency action. The indefinite suspension continues for an indeterminate period of time and ends with the occurrence of the pending conditions set forth in the notice of action

which may include the completion of any subsequent administrative action.

5 C.F.R. § 752.402.

On review, the appellant reraises his argument that this regulatory definition is inconsistent with the statutory definition, which provides that an indefinite suspension may only be taken "for disciplinary reasons . . . ." 5 U.S.C. §§ 7501(2), 7511(a)(2); PFR File, Tab 19-21. His argument is incorrect. Our reviewing court has examined the legislative history of the relevant provisions of the Civil Service Reform Act of 1978 and noted Congress's statement that it intended to enact the definition of a "suspension" previously adopted by the Civil Service Commission in its policy issuances. *Thomas v. General Services Administration*, 756 F.2d 86, 88 (Fed. Cir. 1985). That definition included "an action placing an employee in a temporary non-duty and non-pay status for disciplinary reasons *or for other reasons pending inquiry*." *Id.* (citing *Martin v. Department of the Treasury*, 12 M.S.P.R. 12, 17 (1982) (emphasis in original) (quoting the former Federal Personnel Manual Supp. 752-1, S1-6(a)), *aff'd in part*, *rev'd in part on other grounds sub nom. Brown v. Department of Justice*, 715 F.2d 662 (D.C. Cir. 1983), *and aff'd sub nom. Otherson v. Department of Justice*, 728 F.2d 1513 (D.C. Cir. 1984); *Martin modified on other grounds by Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 663 n.5 (1994)). Furthermore, it is well-settled that the pendency of a security clearance investigation following a termination of access to classified information is a proper basis for an indefinite suspension without pay. *See King v. Alston*, 75 F.3d 657, 659, 663 (Fed. Cir. 1996); *Jones v. Department of the Navy*, 978 F.2d 1223, 1226 (Fed. Cir. 1992); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016); *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015).

Next, the appellant reargues that the agency has not produced any evidence that there was a pending investigation or inquiry by DCAS supporting its indefinite suspension action. PFR File, Tab 1 at 14. 20-21. We recognize that, if

an action is to meet the statutory definition of "suspension," the most essential criterion is that it be "temporary." *Martin*, 12 M.S.P.R. at 17; *see also Rawls v. U.S. Postal Service*, 98 M.S.P.R. 98, ¶ 6 (2004). Accordingly, while the exact duration of an indefinite suspension may not be ascertainable, such an action must have a condition subsequent such as the completion of a trial or investigation which will terminate the suspension. *Martin*, 12 M.S.P.R. at 17.

We find that the agency has met its burden of proving the criterion of temporariness by preponderant evidence. 5 U.S.C. § 7701(c)(1)(B); *see Farris v. Department of the Air Force*, 29 M.S.P.R. 518, 520 (1985). We affirm the administrative judge's finding that the agency properly referred the security matter to DCAS following the CO's suspension of the appellant's access to classified information in 2021. ID at 5 n.5, 13; *see* IAF, Tab 10 at 20, Tab 17-3 (testimony of the Personnel Security Team Lead). However, the initial decision erroneously states that the suspension action ended when the appellant was removed from Federal service, effective January 15, 2022. ID at 11. We vacate this finding because the action currently at issue is the appellant's indefinite suspension, effective November 1, 2023. IAF, Tab 1 at 2. Nevertheless, the agency subsequently removed the appellant for misconduct, on January 31, 2024, which effectively ended the indefinite suspension. 0325 IAF, Tab 3 at 14-17; *see* IAF, Tab 3 at 16.[2] To the extent that the appellant challenges the duration of the security clearance investigation—over 2 years had passed since the agency's referral of the security matter to DCAS, in December 2021, until the end of his indefinite suspension, in January 2024—our reviewing court has recognized that agencies have "broad discretion" in determining how much time is required to evaluate whether the revocation of a suspended clearance is appropriate. *Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1374 (Fed. Cir. 2015).

---

[2] The agency's notice to the appellant of his indefinite suspension stated that it would remain in effect until the occurrence of any of the following terminating conditions: the appellant voluntarily resigned; the appellant was removed from Federal service; or DCAS issued a decision on his security clearance.

Furthermore, we note the Security Officer's testimony that DCAS loses jurisdiction and ceases an investigation upon an individual's separation from Federal service and does not resume its investigation until it is notified that an individual is reinstated. IAF, Tab 17-2 (testimony of the Security Officer).[3] As the appellant was separated from Federal service in January 2022 until he was restored following the Board's order in August 2023, DCAS would have been without jurisdiction during the majority of this 2-year period. ID at 6. Thus, we do not find any evidence that DCAS delayed its investigation. *See Ryan*, 793 F.3d at 1374 n.4 (observing that security clearance investigations "often take up to a year"). In any event, as the current indefinite suspension action lasted for only 2 months and 30 days, we find that it met the statutory criterion of temporariness.

The administrative judge correctly determined that the framework in *Palafox* applies.

In a case where an agency indefinitely suspends an appellant when his access to classified information has been suspended, the Board retains the authority to review whether: (1) the appellant's position required access to classified information; (2) the appellant's access to classified information was suspended; and (3) the appellant was provided with the procedural protections specified in 5 U.S.C. § 7513. *Palafox*, 124 M.S.P.R. 54, ¶ 8. In addition, the Board has the authority under 5 U.S.C. § 7701(c)(2)(A) to review whether the agency provided the procedural protections required under its own regulations. *Id.* Finally, because a tenured Federal employee has a property interest in continued employment, the Board also may consider whether the agency provided minimum due process in taking the indefinite suspension action. *Id.*

On review, the appellant reraises his argument that the Board, in *Palafox*, 124 M.S.P.R. 54, ¶ 8, improperly expanded precedent that an indefinite

---

[3] The Security Officer's testimony appears to be consistent with the Department of Defense Manual 5200.02 9.3.c. (located in the record at IAF, Tab 11 at 21, 29).

suspension can be taken pending a security clearance investigation by sustaining an indefinite suspension based merely on a local agency official's decision to deny access to classified information. PFR File, Tab 1 at 15; IAF, Tab 13 at 4-6. Re-examining the precedent on which *Palafox* was based, we find that the Board correctly stated that an agency's authority to indefinitely suspend an appellant in such circumstances is well-settled. *Palafox*, 124 M.S.P.R. 54, ¶ 8 (citing *Rogers*, 122 M.S.P.R. 671, ¶ 5 (relying on *Jones v. Department of the Navy*, 48 M.S.P.R. 680, *aff'd as modified on recons.*, 51 M.S.P.R. 607 (1991), *aff'd*, 978 F.2d 1223)); *see also Alston*, 75 F.3d 657.[4] We further find that the Board correctly explained its authority on review of such cases. *Palafox*, 124 M.S.P.R. 54, ¶ 8.

Here, the administrative judge correctly found that agency proved the first two elements of its action, i.e. that the appellant's position required access to classified information, and that the appellant's access to classified information was suspended. ID at 8; *see Palafox*, 124 M.S.P.R. 54, ¶ 8. The appellant does not appear to dispute these findings. He argues, however, that the agency's "charge" was fatally flawed: he avers that the notices for his indefinite suspension indicate that both his access to classified information *and* assignment to a sensitive position had been suspended, whereas DCAS did not make a determination revoking his security clearance. IAF, Tab 10 at 16; PFR File, Tab 1 at 11, 21. We are unpersuaded. We find that the proposal notice accurately reflects the facts of his case. IAF, Tab 3 at 21-22. To the extent that the decision notice suggests that his security clearance had been suspended by DCAS, the deciding official testified that this was an error and that he did not believe that the appellant's security clearance had been suspended when he sustained the indefinite suspension. IAF, Tab 3 at 15-16, Tab 17-1 (testimony of

---

[4] The appellant recognized that the indefinite suspension at issue in *Alston*, 75 F.3d at 658-59, "involved exactly the same situation the appellant faced in this case." PFR File, Tab 1 at 6. Yet the U.S. Court of Appeals for the Federal Circuit, in that case, upheld the indefinite suspension. *Alston*, 75 F.3d at 663.

the deciding official). Accordingly, we find no error concerning the agency's reason for its indefinite suspension action.

We modify the administrative judge's finding concerning the procedural protections required by 5 U.S.C. § 7513.

Concerning the third element, where an agency indefinitely suspends an employee under chapter 75 based on the suspension of access to classified information, 5 U.S.C. § 7513(b) requires that the appellant be provided sufficient information to make an informed reply before being placed on enforced leave, including a statement of the reasons for the suspension of access. *See Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1186 (Fed. Cir. 2013); *Alston*, 75 F.3d at 661-62; *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 34 (2014). We vacate the administrative judge's finding that the procedural protections required by section 7513 do not include notice of the reasons for the underlying suspension of access, and her alternative finding that, even if they did, the CO's notice of proposed suspension of access to classified information was sufficient. ID at 9-10 & n.9.

The notice of proposed suspension of access to classified information, dated October 18, 2021, stated that, "[o]n 15 October 2021, the Security Office received several notifications regarding a pattern of abusive and disruptive behavior over the last several years, dating back to August 2014." IAF, Tab 3 at 28. It stated that the Security Office received documentation regarding "outbursts at work to include inappropriate language, and notification of unprofessional and combative phone calls." *Id.* The notice provided details regarding only one incident from over 6 years earlier—in May 2015. *Id.* We agree with the appellant that this notice lacked the minimal information regarding his allegedly inappropriate outbursts necessary to allow him to meaningfully respond to the agency's allegations, such as the what, where, and when of his alleged inappropriate outbursts. IAF, Tab 3 at 28; PFR File, Tab 1 at 7-9; *cf. Cheney v. Department of Justice*, 479 F.3d 1343, 1352-53 (Fed. Cir. 2007).

Nevertheless, the appellant was subsequently provided detailed notice of his alleged outburst on October 14, 2021, along with several instances of past, similar workplace misconduct, during the agency's 2022 removal action and the appellant's subsequent Board appeal. *See Cox v. Department of the Navy*, MSPB Docket No. SF-0752-22-0180-I-1, Initial Appeal File, Tab 6 at 29-31, Tab 10 at 6, Tab 12 at 16. Thus, we find that the appellant was aware of the basis for his security clearance suspension by the time of the agency's proposed indefinite suspension, on September 25, 2023. We modify the initial decision to find that the appellant received sufficient notice under section 7513(b) for this reason. *Cf. Buelna*, 121 M.S.P.R. 262, ¶ 34 (finding that the notice suspending the appellant's security clearance, coupled with the notice proposing his indefinite suspension, informed the appellant of the basis for the suspension of his security clearance and was sufficient to allow for an informed response to the notice of proposed suspension).

<u>We affirm as modified the administrative judge's findings that the appellant did not prove his affirmative defenses.</u>

*Due process*

The administrative judge found that, for purposes of due process, it was sufficient for the agency to inform the appellant that his position required access to classified information, and that he could no longer perform his duties without the required access. ID at 10. We clarify that, while such notice is sufficient for purposes of responding to the agency's charge, an appellant is also entitled to due process concerning the penalty. *See Buelna*, 121 M.S.P.R. 262, ¶¶ 25, 31. Therefore, to the extent that the deciding official's penalty determination was influenced by the factual basis for the underlying security clearance determination, the appellant was entitled to notice of the information on which he relied. *Id.*, ¶ 31; *see also Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶¶ 9-10, 14-16 (2014). We need not examine this issue further because the appellant has not alleged a due process violation or harmful

procedural error on this basis.[5]  *See* IAF, Tab 10 at 14-15; PFR File, Tab 1 at 9-11.

Rather, the appellant argues that he was denied due process in the agency's suspension action because the deciding official did not have the authority to change the outcome of the adverse action.  IAF, Tab 10 at 14-15; PFR File, Tab 1 at 9.  We supplement the initial decision to further address this argument.  While the appellant contends that due process required an opportunity to respond to the only entity that could restore his access to classified information, i.e., DCAS, he mistakenly relies on an earlier approach by the Board that has since been clarified.  IAF, Tab 10 at 14-15; PFR File, Tab 1 at 10-11 (citing *McGriff v. Department of the Navy*, 118 M.S.P.R. 89, ¶¶ 33-35 (2012)).  Implementing the U.S. Court of Appeals for the Federal Circuit's decision in *Gargiulo,* 727 F.3d 1181, the Board has made clear that due process does not require an opportunity to contest the merits of the underlying security determination.  *Buelna*, 121 M.S.P.R. 262, ¶¶ 18, 23-24 & n.7.  Due process does, however, provide a right to invoke the discretion of a decision official with authority to select viable alternatives to suspension without pay, e.g., placement on administrative leave, to the extent they may have existed.  *Id.*, ¶ 28.  Here, the deciding official testified

---

[5] The Board may address due process errors *sua sponte* if necessary to present manifest injustice.  *Powers v. Department of the Treasury*, 86 M.S.P.R. 256, 262 n.3 (2000).  Here, we recognize that the deciding official had personal knowledge of the appellant's alleged outbursts, but we find no due process violation under the factors set forth in *Ward/Stone*.  *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368 (Fed. Cir. 1999); IAF, Tab 17-1 (testimony of the deciding official).  The deciding official testified that the only information that he found to be material—or what he described as the "key factor"— was that the appellant's duties required access to secure information and access to the facility, that his access had been suspended, and that the appellant suggested no alternative penalties in his oral reply.  IAF, Tab 17-1 (testimony of the deciding official).  Considering the ex parte information objectively, as required by *Ward/Stone*, we do not believe that the deciding official's knowledge of the appellant's alleged outbursts is the type of information likely to cause prejudice under the circumstances of this case for the same reasons explained by the deciding official.  *See Stone*, 179 F.3d at 1377; *see also Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶¶ 8-11 (2013).

that the agency normally handles suspension of access cases by issuing indefinite suspensions, and that the appellant's response to the proposal of the indefinite suspension did not present any alternative penalties. IAF, Tab 17-1 (testimony of the deciding official). The appellant avers that a "theoretical option" to place him on administrative leave was not a "realistic option" because it is not used unless it is required. PFR File, Tab 1 at 10-11. He has not, however, argued that the deciding official lacked the authority to select viable alternatives to suspension to the extent they existed, and we find no indication that such was the case. *See Buelna*, 121 M.S.P.R. 262, ¶ 28. Accordingly, we affirm the administrative judge's finding that the appellant has not proven a due process violation.

*Harmful procedural error*

Under 5 U.S.C. § 7701(c)(2)(A), the Board cannot sustain an agency's decision in any case if the employee "shows harmful error in the application of the agency's procedures in arriving at such decision." *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991); 5 C.F.R. § 1201.56(c)(1). An agency error is harmful where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r). The burden is upon the appellant to show that the error was harmful, i.e., that it caused substantial harm or prejudice to his rights. *Id.* The administrative judge identified that the appellant raised the following harmful procedural error arguments: (1) the Security Office did not refer the suspension of access to DCAS as required by DoD Manual 5200.02, section 9.4.(c); and (2) DCAS did not make an initial determination on his security clearance within 15 days of the local determination as required by DoD Manual 5200.02, Section 9.4.a.(1). ID at 12-14; *see* DoD Manual 5200.02, sections 9.4.(c), 9.4.a.(1) (located in the record at IAF, Tab 11 at 21, 29).

First, we find no error in the administrative judge's finding that the agency initially referred the matter to DCAS as required under section 9.4.(c) of the

manual. ID at 5 n.5, 13. We vacate the administrative judge's alternative finding that, even if the agency had violated the provision in the manual requiring referral to DCAS, the appellant did not establish that it would have led the agency to reach a different conclusion concerning the indefinite suspension. ID at 13. In that event, the indefinite suspension may have lacked a valid condition subsequent because there would have been no ongoing investigation. *See Martin*, 12 M.S.P.R. at 17; *infra*, ¶ 8.

Second, the administrative judge made a factual finding that DCAS did not make an initial determination within 15 days as required by DoD Manual 5200.02, section 9.4(a)(1), which we see no reason to disturb. ID at 13. She concluded, however, that this was not harmful procedural error because the *deciding official* did not err in applying the agency's procedures in arriving at his decision. ID at 13-14 (emphasis added). To the extent that the initial decision suggests that any procedural error at DCAS is outside the Board's scope of review, we note that the Board has held otherwise. *See Romero v. Department of Defense*, 527 F.3d 1324, 1329-30 (Fed. Cir. 2008) (explaining that the Board is required to review whether the agency has complied with its own procedures regarding a security clearance determination when the determination forms the basis of an adverse action as part of the harmful procedural error analysis). In any event, the appellant's specific argument in this case is not within our authority to review. To prove a claim of harmful procedural error, an appellant is required to prove that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r). Thus, the appellant was required to prove that DCAS would have made a favorable initial determination in his case and restored his access to classified information. *See* IAF, Tab 11 at 29. The Board does not have the expertise nor the authority to make a determination on the issue of his

security clearance. *See Department of Navy v. Egan*, 484 U.S. 518, 528 (1988). Accordingly, we find that the appellant cannot prevail on this claim.[6]

<u>We deny the appellant's motion for leave to submit an additional pleading.</u>

The appellant has submitted a motion for leave to file an additional pleading, stating that he would like to cite the Board's decision in *Litton v. Department of Justice*, MSPB Docket Nos. DC-0752-14-0353-C-1, DC-0752-14-1110-C-1, Final Order (Sept. 30, 2024), which was issued after his reply to the agency's response to his petition for review. PFR File, Tab 7. The Board's regulations provide that no pleading other than a petition for review, a cross petition for review, and a reply to a response to a petition for review is permitted. 5 C.F.R. § 1201.114(a)(1)-(4) (2024). For the Board to consider an additional pleading, the party must have described the nature of and need for the pleading. 5 C.F.R. § 1201.114(a)(5) (2024). Here, the appellant offered no explanation for why he intended to rely on the Board's nonprecedential decision in *Litton*. Moreover, we have reviewed our decision in *Litton*, which concerned a compliance matter, and find that it does not affect our analysis of any material issue in this case. Thus, there is no need for this additional pleading.

Accordingly, we affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[6] We need not determine whether a failure to comply with the 15-day timeframe prescribed in section 9.4(a)(1) of DoD Manual 5200.02 could constitute harmful procedural error under other circumstances.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.