# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRIAN NEIL,<br>        Appellant, | DOCKET NUMBER<br>DE-0752-22-0064-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>        Agency. | DATE: May 28, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Brian Neil</u>, Lone Tree, Colorado, pro se.

<u>Luke Archer</u>, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging his indefinite suspension as premature. For the reasons discussed below, we GRANT the appellant's petition for review and VACATE the initial decision. We AFFIRM the agency's indefinite suspension action between August 23, 2021, and December 13, 2022, and we REMAND the case to the field office for further adjudication of whether the agency properly

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

continued the indefinite suspension after December 13, 2022, in accordance with this Remand Order.

## BACKGROUND

The appellant was a GS-13 Criminal Investigator. *Neil v. Department of Justice*, MSPB Docket No. DE-0752-22-0064-I-1, Initial Appeal File (0064 IAF), Tab 8 at 41. As a condition of employment, he was required to maintain eligibility for access to National Security Information (NSI). 0064 IAF, Tab 19 at 47. Specifically, he was required to hold a Top Secret security clearance. *Id*. On May 5, 2021, the appellant was involved in a traffic incident, which resulted in the filing of an arrest warrant for the appellant by the Lone Tree, Colorado police department. 0064 IAF, Tab 8 at 85-89. Effective June 17, 2021, the agency suspended the appellant's eligibility for access to NSI and his Top Secret clearance based his behavior during the traffic incident and the subsequent arrest warrant. *Id.* at 71, 75-76. On July 22, 2021, the agency proposed to indefinitely suspend the appellant based on the suspension of his access to NSI, and the proposal was sustained on August 23, 2021. *Id.* at 22-25, 42-43. The decision letter notified the appellant that he would remain on indefinite suspension "pending a final decision regarding revocation of your eligibility for access to NSI and any resulting administrative action is finalized." *Id.* at 42.

Effective October 8, 2021, the criminal charges against the appellant were dismissed. *Id.* at 35-36, 0064 IAF, Tab 11 at 16-22. On December 10, 2021, the appellant filed a Board appeal, wherein he asserted that the indefinite suspension should have been terminated within a reasonable time following the resolution of the criminal charges. 0064 IAF, Tab 1 at 6. After finding jurisdiction over the appeal, 0064 IAF, Tab 12 at 3, the administrative judge issued an order, wherein he confirmed that the appellant was not challenging the validity of his placement on an indefinite suspension but was instead appealing the agency's alleged failure to timely terminate the indefinite suspension, 0064 IAF, Tab 22 at 2. After a

hearing which was limited to argument only,[2] 0064 IAF, Tab 25 at 7, the administrative judge issued an initial decision finding that the Board lacks the authority to order the agency to terminate the appellant's indefinite suspension based on the allegedly unreasonable amount of time the agency has taken to arrive at its final adjudication regarding the appellant's eligibility for access to NSI. 0064 IAF, Tab 32, Initial Decision (ID) at 1-6. He found that the conditions subsequent identified by the agency, i.e., a final decision on the appellant's eligibility for access to NSI and any final administrative action had not yet occurred, and he therefore dismissed the appeal as premature. *Id.* The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. *Neil v. Department of Justice*, MSPB Docket No. DE-0752-22-0064-I-1, Petition for Review (0064 PFR) File, Tabs 1, 3-4.

While this matter was pending on review, the Office of the Clerk of the Board issued an order to show cause instructing the agency to provide an update regarding whether the agency had made a final determination concerning the appellant's eligibility for access to classified information. 0064 PFR File, Tab 8. The agency responded that, on December 13, 2022, it issued a final decision revoking the appellant's eligibility for NSI. 0064 PFR File, Tab 9 at 4, 7. On March 29, 2023, the agency issued a notice of proposed removal based on misconduct. *Neil v. Department of Justice*, MSPB Docket No. DE-0752-23-0303-I-1, Initial Appeal File (0303 IAF), Tab 1 at 9-27. The agency sustained the proposal and removed the appellant from Federal service, effective July 27, 2023. *Id.* at 28; 0303 IAF, Tab 4 at 4-5, 9. According to the appellant, he remained on indefinite suspension through the effective date of his removal. 0303 IAF, Tab 4 at 4.

---

[2] The administrative judge denied all requested witnesses, finding that there were no material issues of fact. 0064 IAF, Tab 25 at 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

We vacate the dismissal of this appeal as premature.

To be valid, an indefinite suspension must have an ascertainable end, that is, a determinable condition subsequent that will bring the suspension to a conclusion. *Jones v. Department of the Army*, 111 M.S.P.R. 350, ¶ 11 (2009). The agency's indefinite suspension letter identified the conditions subsequent that would trigger the cessation of the appellant's suspension as "a final decision regarding revocation of [his] eligibility for access to NSI and any resulting administrative action." 0064 IAF, Tab 1 at 14. At the time the appellant filed his initial appeal, neither of those conditions had occurred and the administrative judge dismissed the appeal as premature. ID at 1-6. In doing so, the administrative judge cited *Freeze v. Department of the Navy*, 122 M.S.P.R. 179 (2015), and the Board's nonprecedential decision in *Wickert v. Department of Homeland Security*, MSPB Docket No. NY-0752-11-0343-I-1, Final Order (June 5, 2013). ID at 6. Both decisions discuss the dismissal of appeals as premature prior to the occurrence of the condition subsequent. Before these decisions, however, the Board routinely addressed these types of appeals, i.e., challenges to indefinite suspensions prior to the occurrence of the condition subsequent, on the merits rather than dismissing them as premature. *E.g.*, *Drain v. Department of Justice*, 108 M.S.P.R. 562, ¶ 11 (2008) (holding that, because the condition subsequent that would end the appellant's indefinite suspension has not yet occurred, the continuation of the indefinite suspension was proper); *Arrieta v. Department of Homeland Security*, 108 M.S.P.R. 372, ¶ 10 (2008) (forwarding the appeal to the regional office for adjudication of whether the agency properly continued an indefinite suspension after one of two conditions subsequent occurred); *Romero v. Department of Defense*, 104 M.S.P.R. 245, ¶¶ 11-12 (2006) (remanding the appeal to the regional office for adjudication of whether the agency properly continued an indefinite suspension before the

condition subsequent occurred). Thus, it appears that the Board has been inconsistent in its treatment of these types of appeals.

We need not decide the appropriate disposition of the appeal at the time of the initial decision because, while the appeal was pending on review, the agency issued a final decision revoking the appellant's eligibility for access to NSI and subsequently proposed and effected his removal from Federal service. 0064 PFR File, Tab 9 at 4, 7; 0303 IAF, Tab 1 at 28. Accordingly, we vacate the administrative judge's dismissal of the appeal as premature and address the appeal on the merits.

Because the agency identified two conditions subsequent, a final decision regarding revocation of his eligibility for access to NSI and any resulting administrative action, we consider two distinct time periods in this appeal. First is the period between August 23, 2021, when the indefinite suspension began, and December 13, 2022, when the agency issued a final decision regarding the appellant's access to NSI. 0064 IAF, Tab 8 at 42-43; 0064 PFR File, Tab 9 at 4, 7. Second is between the December 13, 2022 decision and the agency's "final administrative action," i.e., his July 27, 2023 removal from Federal service. 0064 PFR File, Tab 9 at 4, 7; 0303 IAF, Tab 1 at 28, Tab 4 at 9. We address each in turn.

## We affirm the indefinite suspension between August 23, 2021, and December 13, 2022.

In his December 10, 2021 appeal to the Board, the appellant asserted that (1) the indefinite suspension continued too long after the resolution of the criminal charges and (2) the agency had an obligation to move expeditiously to adjudicate his clearance and end the indefinite suspension. 0064 IAF, Tab 1 at 6; ID at 3, 5-6. As to the first point, the agency did not identify the resolution of criminal charges as a condition subsequent that would end the indefinite suspension. *See Freeze*, 122 M.S.P.R. 179, ¶ 11 n.2 (explaining that the Board may not impose a condition subsequent other than the one identified by the

agency). Regarding the second point, the Supreme Court held in *Department of the Navy v. Egan*, 484 U.S. 518, 530-32 (1988), that the Board does not have the authority to review the substance of a security clearance determination. Notwithstanding, when an agency indefinitely suspends an employee based on the suspension of his security clearance, the Board may consider whether a bona fide security clearance investigation is taking place throughout the duration of the indefinite suspension. *See Jones v. Department of the Navy*, 48 M.S.P.R. 680, 686, *aff'd as modified on recons.*, 51 M.S.P.R. 607 (1991), *aff'd*, 978 F.2d 1223 (Fed. Cir. 1992). This is because indefinite suspensions are permitted only under limited circumstances, including when an employee's required access to classified information has been suspended, pending a final determination on the employee's access to classified information. *See Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010) (citing *Jones*, 48 M.S.P.R. at 687-91).

In this appeal, we are persuaded that a bona fide security clearance investigation was taking place between August 2021 and December 2022. The appellant's assertion that the agency "admitted that it is not even in the process of adjudicating the clearance concerns," 0064 PFR File, Tab 1 at 13, is undermined by the agency's issuance of a final decision on December 13, 2022. To the extent the appellant asserts that the 18-month period it took the agency to adjudicate his clearance while he was indefinitely suspended was, on its face, unreasonable, we disagree. *See Drain*, 108 M.S.P.R. 562, ¶ 9 (explaining that the passage a year, by itself, did not render an otherwise properly effected indefinite suspension improper); *see, e.g.*, *Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1374 n.4 (Fed. Cir. 2015) (finding that a 16-month period between an indefinite suspension and revocation of a security clearance was not "clearly excessive or unreasonable"); *Jones v. Department of the Navy*, 978 F.2d 1223, 1227 (Fed. Cir. 1992) (upholding indefinite suspensions lasting 14 months based on security clearance investigations); *cf. Brown v. Department of State*, MSPB Docket No.

SF-0752-22-0091-I-1, Remand Order at ¶¶ 7-10 (Aug. 28, 2023) (questioning the validity of an indefinite suspension when it continued for approximately 6 years). Accordingly, we affirm the agency's indefinite suspension between August 2021 and December 13, 2022.

We remand the appeal for the administrative judge to determine whether the agency properly continued the indefinite suspension after December 13, 2022.

The next time period we examine is between December 13, 2022, when the agency revoked the appellant's eligibility for NSI, and July 2023, when it finalized its "administrative action" and effected the appellant's removal from Federal service for misconduct related to the incident described in paragraph 2 above. 0064 PFR File, Tab 9 at 4, 7; 0303 IAF, Tab 1 at 9-28, Tab 4 at 9. These events represent the conditions subsequent identified by the agency that would end the indefinite suspension. 0064 IAF, Tab 8 at 42.

Our case law is clear that an indefinite suspension may extend through the completion of both a pending investigation into whether an employee's required access to classified information should be revoked and any subsequent administrative action. *See, e.g., Romero*, 104 M.S.P.R. 245, ¶¶ 9-11. However, in such circumstances, an agency must initiate administrative action within a reasonable period of time after completion of the pending investigation. *Id.,* ¶ 11; *Drain*, 108 M.S.P.R. 562, ¶ 8. After the final decision to revoke the appellant's access to NSI in December 2022, the agency had to promptly return the appellant to duty or take some other personnel action within a reasonable time. *See Romero*, 104 M.S.P.R. 245, ¶ 11. To permit the agency to take an unlimited amount of time to determine what action to take while keeping the appellant on an indefinite suspension would run contrary to the requirement that an indefinite suspension have an ascertainable end. *See Drain*, 108 M.S.P.R. 562, ¶ 8; *Romero*, 104 M.S.P.R. 245, ¶ 11; *see also Camaj v. Department of Homeland Security*, 119 M.S.P.R. 95, ¶¶ 12-13 (2012) (examining the circumstances of a 3-month delay in bringing adverse action following the resolution of criminal

charges and finding that the delay in ending an indefinite suspension was unjustified, emphasizing that the mere existence of an open agency investigation into misconduct does not serve as cause for continuing an indefinite suspension).

We are unable to determine, on the record before us, whether the agency acted promptly after the revocation of the appellant's eligibility for access to NSI in December 2022. It appears that the agency took no further action regarding the appellant's employment for at least 3 months after the revocation decision and did not effect the appellant's removal from Federal service for approximately 7 months. 0303 IAF, Tab 1 at 9-29, Tab 4 at 9. A determination of whether such a delay is reasonable requires consideration of the attendant circumstances. *Romero*, 104 M.S.P.R. 245, ¶ 12; *see Arrieta*, 108 M.S.P.R. 372, ¶ 10. Therefore, we remand this case to the administrative judge for further proceedings to determine whether the agency improperly continued the appellant's indefinite suspension after December 13, 2022. On remand, the administrative judge shall give the agency an opportunity to identify any factors contributing to the time it took to finalize its administrative action against the appellant. The administrative judge shall also provide the appellant an opportunity to submit evidence and argument concerning the continuation of his indefinite suspension. If the administrative judge finds that the agency's delay was unreasonable, he shall reinstate the appellant effective December 13, 2022. *See Romero v. Department of Defense*, 106 M.S.P.R. 284, ¶¶ 10-11 (2007).

**ORDER**

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.